### JOHN A. SHERMAN *vs.* WILLIAM M. BREWER.

Under *St.* 1857, *c.* 71, a person under guardianship may, without the intervention of his guardian, file a complaint to the judge of probate against one suspected of having embezzled his estate.

APPEAL from a decree of the judge of probate, dismissing a complaint filed by one under guardianship as a spendthrift, charging the appellee with having concealed, embezzled and conveyed away money, goods and effects of the complainant, and praying that he might be cited in to be examined on oath as to the matter. The judge dismissed the complaint, on the ground that the complainant could not maintain it without the intervention of his guardian.

*W. F. Slocum,* for the appellant.

*P. C. Bacon,* for the appellee, cited Rev. Sts. *c.* 65, § 7; c 79, §§ 17, 27; *St.* 1857, *c.* 71.

THOMAS, J. The statutes, it seems to us, very clearly authorize the institution of this complaint by the ward. The Rev. Sts. *c.* 79, § 27, provided that the complaint might be made by the guardian or by the ward. The *St.* of 1857, *c.* 71, which repeals the provision of the revised statutes, is equally explicit, authorizing the complaint to be made by any executor, administrator or guardian, or by any heir, legatee, ward or creditor, or other person interested in the estate of any deceased person or ward. It is true as a rule that the guardian is to appear for and represent his ward in all legal proceedings, but the statutes have taken the case of complaint for embezzlement out of the rule. The reasons for the exception are, we think, obvious, but at any rate the authority is clear. *Decree reversed.*